**In re L. LURIA & SONS, INC.,**
**F.I.D. # 59–062050, Debtor.**

**James S. Feltman, as Liquidating**
**Agent for L. Luria & Sons,**
**Inc., Plaintiffs,**

**v.**

**Joel W. Robbins, Miami–Dade County**
**Property Appraiser, et al.,**
**Defendant.**

**Bankruptcy No. 97–16731–BKC–RAM.**
**Adversary No. 99–1006–BKC–RAM–A.**

United States Bankruptcy Court,
S.D. Florida.

May 4, 1999.

Mark R. Osherow, Boca Raton, FL, Paul Steven Singerman, Miami, FL, Jerry M. Markowitz, Miami, FL, Michael S. Fox, Maura I. Russell, New York City, Susan F. Balaschak, Arlington, TX, for Debtor.

Ira M. Elegant, Miami, FL, for Plaintiff.

## ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF CERTAIN DEFENDANTS, DENYING MOTION FOR SUMMARY JUDGMENT AS TO OTHER DEFENDANTS AND ORDER DENYING MOTIONS TO DISMISS AS MOOT

BARRY S. SCHERMER, Bankruptcy Judge.

Certain Defendants known as the "Property Appraisers" and certain Defendants known as the "Tax Collectors" had filed a Motion for Summary Judgment in this adversary proceeding alleging that the doctrine of sovereign immunity precluded the adversary proceeding from being brought against such Defendants. Additionally, all of the Defendants except Joel W. Robbins, Property Appraiser for Miami–Dade County, Florida, and Richard Gardner, Tax Collector for Miami–Dade County, Florida, filed Motions to Dismiss the Complaint based upon the lack of subject matter jurisdiction of this Court as a result of the claim of the doctrine of sovereign immunity. The Memoranda filed in support of the Motions to Dismiss and the Memoranda filed in support of the Motion for Summary Judgment were, in many instances, identical and consistent with each other. Said Motions and Memoranda alleged that the provisions of 11 U.S.C. § 106 which the Plaintiff sought to utilize to invoke the provisions of 11 U.S.C. § 505 were unconstitutional in that the provisions of 11 U.S.C. § 106 violates the rights and privileges of said Defendants pursuant to the Eleventh Amendment to the Constitution of the United States. The Court having scheduled a hearing for March 23, 1999, at which counsel for the Plaintiff and various of the Defendants having appeared and having been heard, and the Court having considered the pleadings, Memoranda and oral argument of counsel, and for the reasons more fully set forth on the record of the proceedings, and the Court having found that with respect to all Defendants except those seven listed in the following paragraph that no genuine dispute exists as to any material fact, it is

ORDERED, ADJUDGED and DECREED that summary judgment will be granted in favor of all of the Property Appraiser and Tax Collector Defendants to this adversary proceeding except Joel W. Robbins, Property Appraiser for Miami–Dade County, Florida (who did not file a Motion), Charles E. Hackney, Property Appraiser for Manatee County, Florida, H.W. Suber, Property Appraiser for Seminole County, Florida, Richard Gardner, Tax Collector for Miami–Dade County, Florida (who did not file a Motion), Ken Burton, Jr., Tax Collector for Manatee County, Florida, Ray Valdes, Tax Collector for Seminole County, Florida, and Lawrence H. Fuchs as Executive Director of the Department of Revenue, State of Florida; and it is further

ORDERED, ADJUDGED and DECREED that in connection with the granting of the summary judgment in favor of all of the Defendants except those specifically enumerated in the paragraph above, the Court makes the following findings and conclusions:

1. Each of the Defendants in whose favor summary judgment is being granted are "arms" of the State of Florida.[1]

---

1. The issue of whether or not county tax collectors and county property appraisers, as well as counties themselves are protected by the Eleventh Amendment was argued before the court on March 23, 1999. The plaintiff relied on the cases collected in footnote 334 of the text attached to the "Supplemental Authority in Support of Motion to Dismiss and Motion for Summary Judgment by Designated Property Appraisers and Tax Collectors."

2. The allegations made with respect to such Defendants in the Complaint involve the nexus of the duties of the above-named Property Appraisers and Tax Collectors as "constitutional officers" of the State of Florida.

3. Consistent with the decisions of *In re Sacred Heart Hospital of Norristown,* 133 F.3d 237 (3rd Cir.1998), *Matter of Fernandez,* 123 F.3d 241 (5th Cir.1997), *In re Creative Goldsmiths of Washington DC, Inc.,* 119 F.3d 1140 (4th Cir.1997), *Light v. State Bar of California,* 87 F.3d 1320, 1996 WL 341112 (9th Cir.1996), the Court finds that Congress had no authority under Article I, Section 8 of the United States Constitution to abrogate sovereign immunity in federal courts, including bankruptcy courts, when it enacted 11 U.S.C. § 106, and, therefore, with respect to the Defendants in whose favor summary judgment is being granted, 11 U.S.C. § 106 shall be deemed to be unenforceable as a result of being unconstitutional; and it is further

ORDERED, ADJUDGED and DECREED that The Motions to Dismiss and/or Motions for Summary Judgment filed by Charles E. Hackney, Property Appraiser for Manatee County, Florida, H.W. Suber, Property Appraiser for Seminole County, Florida, Ken Burton, Jr., Tax Collector for Manatee County, Florida, Ray Valdes, Tax Collector for Seminole County, Florida, and Lawrence H. Fuchs as Executive Director of the Department of Revenue, State of Florida, are denied and said Defendants shall file their answers to the Plaintiff's Complaint within 15 days after the entry of this Order; and it is further

ORDERED, ADJUDGED and DECREED that all of the Motions to Dismiss of the Defendants in whose favor Summary Judgment has been granted shall be denied as moot in view of the ruling of this Court with respect to the granting of summary judgment; and it is further

ORDERED, ADJUDGED and DECREED that the denial of summary judgment to any of the Defendants herein shall be without prejudice to the assertion of a defense of sovereign immunity based upon additional factual considerations, such as they may exist.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, CLARIFICATION AND HEARING

James F. Feltman, as Liquidating Agent for L. Luria & Sons, Inc., having filed a Motion for Reconsideration, Clarification and Rehearing pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, and the Court having considered said Motion, and the Court having convened a telephone conference with counsel for the Plaintiff, as well as Charles M. Tatelbaum, Lawrence Farese and Brian Hanlon, counsel for most of the Defendants, at which time the Court announced its ruling following consideration of the Plaintiff's Motion, it is therefore,

ORDERED, ADJUDGED and DECREED that the Plaintiff's Motion for Reconsideration, Clarification and Rehearing is denied.